| |
|---|
| **Palmer v NBS Mgt., LLC** |
| 2025 NY Slip Op 32225(U) |
| June 24, 2025 |
| Supreme Court, Broome County |
| Docket Number: Index No. EFCA2023002494 |
| Judge: Eugene D. Faughnan |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At a Motion Term of the Supreme Court of
the State of New York held in and for the
Sixth Judicial District at the Broome County
Courthouse, Binghamton, New York, on the
21st day of February 2025, on submission.

PRESENT:   HON. EUGENE D. FAUGHNAN
            Justice Presiding

STATE OF NEW YORK
SUPREME COURT: COUNTY OF BROOME

---

SHANE PALMER,

                Plaintiff,

vs.

NBS MANAGEMENT, LLC, TRENT W. WEBB,
LINDA SMITH and TAINA L. GRAHAM

                Defendants.

DECISION AND ORDER

Index No. EFCA2023002494

---

**EUGENE D. FAUGHNAN, J.S.C.**

This matter is before the Court to consider a motion to dismiss the Complaint under CPLR 3211(a)(8) [lack of jurisdiction] due to the failure to effect proper service. The motion was filed by "Taina Cartright w/s/h/a Taina L. Graham"; an indication that the movant was sued under the wrong name. For purposes of this motion, the Court will refer to this movant as "Cartright".

Plaintiff Shane Palmer filed opposition, followed by a Reply Affirmation from Attorney Aryssa Kristin Ramos Pasinos.[1] The other parties did not file any opposition to the motion as they are not directly involved in the issue. At the request of the movant and Plaintiff, the motion

---

[1] The attorney had previously filed an Answer on behalf of Taina L. Graham, and also filed the motion for Taina Cartright.

1

was designated as being on submission. After due deliberation, this Decision and Order constitutes the determination of this Court.

## BACKGROUND FACTS

The underlying case here involves a slip/trip and fall incident at a leased premises located in Binghamton, NY. Plaintiff, a resident of Florida, rented the property located at 1216 Vestal Ave in Binghamton, New York for a 3-month term from December 2, 2022 to March 3, 2023. Plaintiff alleges that he slipped and fell on snow or ice at the premises on or about December 16, 2022, during the lease period. The property rental/lease was offered through AirBnB, an online provider that coordinates bookings, payments, insurance and facilitates the rental and/or sharing or property between owners/managers and renters in exchange for a fee.

Plaintiff originally filed a Summons and Complaint on November 7, 2023 against NBS Management, LLC ("NBS") and AirBnB. On or about May 22, 2024, the parties stipulated to a discontinuance of the claims against AirBnB, and the Court subsequently "so ordered" that stipulation. Plaintiff then filed an Amended Verified Complaint on June 27, 2024 naming NBS, Trent W. Webb, Linda Smith and Taina L. Graham as Defendants. The three individual Defendants each filed separate Answers with Affirmative Defenses on November 13, 2024. Graham's Answer contains eighteen affirmative defenses, including lack of personal jurisdiction due to the failure to properly serve her.

The Amended Verified Complaint lists Defendant Graham's address as 80 Culver Parkway in Rochester, NY. An affidavit of service was filed on July 11, 2024 with respect to Taina L. Graham, asserting that service was attempted at 80 Culver Parkway on June 28, 2024 at 1:45 pm, June 29, 2024 at 6:54 am and July 3, 2024 at 5:50 pm and there was no answer on any of those occasions, so "nail and mail" service was utilized.

On the current motion, Cartright asserts that service was ineffective because the nail and mail service made in this case was not at her residence, and that she has actually resided in the State of Florida since February 2022. She submitted various documents to support her claim that she moved to Florida in early 2022 and has lived in Florida since then. Accordingly, she argues that the "nail and mail" service in Rochester was not valid and the Court has not acquired jurisdiction.

2

Plaintiff counters with the argument that Cartright is not a party to this case, since the suit was commenced against Taina Graham, and therefore, Cartright has no standing to even bring this motion. He also argues that Graham filed an Answer to the Amended Complaint, but did not raise any issue of being sued under an <u>incorrect name</u>. Plaintiff further argues that he has submitted *prima facie* evidence of proper service, which has not been rebutted, so the motion to dismiss should be denied. In the alternative, he requests a traverse hearing to resolve the service issue.

Cartright then filed Reply papers and her attorney asserted that Taina L. Graham married and took her husband's surname- Cartright. It is also claimed that the Rochester address is the home of Cartright's mother, and Cartright's childhood home, but that Cartright has not lived there for over three years. Since that is not her usual place of abode, the service was not sufficient.

## LEGAL DISCUSSION AND ANALYSIS

Cartright seeks dismissal under CPLR 3211(a)(8) on the basis that she was not properly served and therefore, the Court has not obtained jurisdiction over her. A court does not acquire "personal jurisdiction over a defendant when a plaintiff fails to properly effectuate service of process. In those instances in which process has not been served upon a defendant, all subsequent proceedings will be rendered null and void." *HSBC Bank USA, N.A. v. Labin*, 232 AD3d 861, 865 (2nd Dept. 2024), *quoting Christiana Trust v. Leriche*, 219 AD3d 564, 566 (2nd Dept. 2023).

Plaintiff contends that Cartright has no standing, so her motion should be summarily rejected. Alternatively, Plaintiff suggests that a hearing would be appropriate to assess if Graham and Cartright are the same person, or possibly two different people.

Accordingly, there are two issues presented on this motion. The first is whether Cartright has standing, which also brings up the question of whether Cartright is the married name of Defendant Graham. The second issue is whether the purported service was valid.

The Court will first address the question of Cartright's standing and right to raise the issues concerning improper service and lack of personal jurisdiction. Her Notice of Motion indicates that Taina Cartright was wrongfully sued as Taina L. Graham. Cartright also filed an

[* 3]

affirmation that she signed and which is titled "Affirmation of Taina Cartright w/s/h/a Taina L. Graham", but the affirmation does not address the question of her current name or her marriage. Instead, she focused on factors pertaining to her place of residence. Therefore, the only assertion as to her correct name is from her attorney, who does not claim any first-hand knowledge of that issue. On the present record, the Court cannot make a formal determination that Cartright is the legal married name of Graham, and whether she has standing to make the current motion to dismiss. However, Plaintiff has also not produced any evidence that would prove Cartright is not the married name of Taina L. Graham. It is premature for the Court to decide that issue.

Plaintiff highlights that Graham filed an Answer to the Amended Complaint but did not mention being incorrectly sued, nor did her Answer state that she was previously known as Graham. Plaintiff asserts that the failure to make that assertion in her Answer constitutes waiver, but he has not provided any caselaw or argument to support that proposition. It is not even clear from Plaintiff's papers what the basis would be for that contention. While it is true that some affirmative defenses can be waived if not included in an Answer or a motion to dismiss under CPLR 3211 [*see* CPLR 3211(e); *see also, Chase Home Finance, LLC v. Howland*, 149 AD3d 1405 (3rd Dept. 2017)], not every defense is subject to that constraint. Under CPLR 3018, all defenses which would surprise the adverse party or raise facts not evident in the prior pleading must be pleaded. That section lists several examples but it is not exhaustive. "Generally, '[f]ailure to plead a defense that must be pleaded affirmatively under CPLR 3018(b) is a waiver of that defense.'" *Babakhanov v. Diaz Austin Assoc., L.P.*, 2025 NY App. Div. LEXIS 3113 (2nd Dept. 2025), *quoting GMAC Mtge., LLC v. Coombs*, 191 AD3d 37, 40 (2nd Dept. 2020).

Here, the motion is based upon failure to properly serve Defendant Graham because she no longer lived at the Rochester address. The motion does not assert that service was made upon the wrong person, but rather, that "nail and mail" service was not proper. Thus, it is not an affirmative defense claiming that the Defendant was not identified properly (even though the motion papers allege that the suit was commenced under the wrong name). Plaintiff is the party taking issue with the proper name of the party and attempting to use that as a basis to summarily reject the motion entirely. Graham clearly raised the affirmative defense of personal jurisdiction in her Answer and there is no requirement that she raise the question of a misnomer when she is not making that argument. In fact, a misnomer would not deprive the Court of jurisdiction and is correctable. *See e.g. State of N.Y. Higher Educ. Servs. Corp. v. Sparozic*, 35 AD3d 1069 (3rd

4

Dept. 2006); *Household Fin. Realty Corp. v. Emanuel*, 2 AD3d 192 (1ˢᵗ Dept. 2003). Further, denial of the motion is not mandated, because the motion clearly identified that Cartright believes she was improperly named, and Plaintiff was able to fully respond and oppose the motion. *See, Bautista v. Archdiocese of N.Y.*, 164 AD3d 450 (1ˢᵗ Dept. 2018). On the other hand, if Plaintiff is arguing that Graham failed to deny some allegation in the Amended Complaint that is deemed admitted, which would preclude her from asserting a contrary position now, he has not articulated how or why that would be the case. At best, Plaintiff has challenged the right of Cartright to bring a motion to dismiss, and the Court is not making a formal ruling on standing at this point.

Assuming, *arguendo*, that Cartright has standing to bring the motion and has not waived any affirmative defense, the Court next turns to the merits of proper service. The affidavit of service filed by Plaintiff describes that "nail and mail" was utilized in this case. Personal service may be achieved by any of the methods listed in CPLR § 308. The person may be served by personal delivery (CPLR § 308(1)) or by substituted service upon a person of suitable age and discretion followed by mailing (CPLR § 308(2)), or

> where service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such affixing and mailing to be effected within twenty days of each other.

CPLR § 308(4)

Before "nail and mail" service can be used, it must be shown that personal delivery and substituted service cannot be made with due diligence. Unless Plaintiff shows that he exercised due diligence and was attempting to serve Defendant at her correct residence, "nail and mail" service cannot be used. "While a process server's sworn affidavit of service ordinarily constitutes prima facie evidence of proper service ... a defendant may rebut that affidavit with a 'detailed and specific contradiction of the allegations in the process server's affidavit' sufficient to create a question of fact warranting a hearing." *U.S. Bank Nat'l Assn v. Vanvliet*, 24 AD3d

5

906, 907-908 (3rd Dept. 2005) (internal citation omitted), *quoting Bankers Trust Co. v. Tsoukas*, 303 AD2d 343, 344 (2nd Dept. 2003); *Dunn v. Pallett*, 42 AD3d 807 (3rd Dept. 2007). The motion claims that service was not proper at the Rochester address because Defendant did not live there and had lived in Florida since 2022. In support, she submitted various documents concerning her residence. This included letters to Taina Cartright at an address in Kissimmee, Florida from: Florida Blue concerning health insurance enrollment dated March 19, 2022; a contract with a fitness facility from February 2022; a letter from Department of Health and Human Services regarding Health Insurance Marketplace dated February 28, 2022; another letter from Florida Blue dated May 30, 2022; an application for Care Credit dated July 5, 2022 giving an address for Taina Cartright in Venice, Florida; an explanation of benefits for dental treatment dated November 8, 2023 to Taina Cartright at an address in Palmetto, Florida; and an electric bill statement from December 2024 also using the Palmetto, Florida address. [2] Thus, there is some evidence that she was a resident of Florida from 2022 through at least December 2024. If that is accurate, then the service of process to the Rochester, NY address in July 2024 would not be valid since it was not her usual place of abode.[3] The Court concludes that there is direct and contradictory evidence to rebut the prima facie evidence of proper service associated with the affidavit from the process server.

Generally, traverse hearings are used to determine if the purported service was actually made upon the person described in the affiavit. In this case, proper service is more focused on whether the Rochester address was an appropriate place to effectuate service. The Court can make that determination following a traverse hearing. Additionally, proper service necessarily calls into question whether the person upon whom service was attempted is actually the Defendant. To that extent then, the Court will require the parties to establish if Cartright is the married name of the Defendant Graham, and if she is the same individual named in the Amended Complaint. Since Plaintiff and Cartright both live in Florida, the Court will conduct that hearing virtually.

---

[2] Cartright also included a lease application checklist dated April 25, 2022 but it has no indicia relating it to Cartright, so it will not be considered by the Court.

[3] The Court is not making any determination as to whether "nail and mail" service was otherwise satisfactory, or warranted after three attempts at service.

## CONCLUSION

Based on all the foregoing, the Court concludes that a traverse hearing is necessary on the question of proper service and whether Cartright is a proper person to bring the motion to dismiss.

Accordingly, it is hereby

ORDERED, that the motion to dismiss is denied, without prejudice, pending the traverse hearing to be conducted virtually; and it is further

ORDERED, that this matter will be referred to a Judicial Hearing Officer to Hear and Determine, and the Judicial Hearing Officer will provide the date and time for the hearing to the parties in separate correspondence.

THIS CONSTITUTES THE DECISION AND ORDER OF THIS COURT.

Dated:       June \_\_24\_\_, 2025
               Binghamton, New York

                                              _____
                                              HON. EUGENE D. FAUGHNAN
                                              Supreme Court Justice

---

The Court has considered all the evidence contained in the electronic case including, but not limited to, these documents relating to the pending motion:

1) Notice of Motion dated January 13, 2025, with Affirmation of Aryssa Kristin Ramos Pasions, Esq., dated January 13, 2025; Affirmation of Taina Cartright, dated January 10, 2025, with Exhibit "A"; and Memorandum on Law dated January 13, 2025.
2) Affirmation of Michael D. Ricchiuto, Esq., dated February 10, 2025 with Exhibits "A" through "F", in opposition to the motion.
3) Reply Affirmation of Aryssa Kristin Ramos Pasions, Esq., dated February 18, 2025.

[* 7]